KATHERINE CONROY and THOMAS M. ACKEN, as Executors, etc., of MARGARET L. KINGSLEY, Deceased, Respondents, *v.* THE EQUITABLE TRUST COMPANY OF NEW YORK, Individually and as Successor Trustee, under a Deed of Trust, Dated November 11, 1904, from Margaret L. Kingsley to the City Trust Company of New York, Appellant.

First Department, May 5, 1922.

Parties — action by executors to recover from trustee corporate dividends represented by corporate stock alleged to be part of estate of testatrix who was beneficiary — trustee compelled to deliver stock to remainderman in prior action by it against remainderman commenced after death of testatrix — remainderman not necessary but proper party defendant in this action.

The plaintiffs' testatrix was the beneficiary of a trust composed in part of corporate stock. The stock in question was preferred and carried cumulative dividends. The dividends thereon were not paid for several years and on a reorganization the owners were allowed to take stock in the new company, but the trustee failed to take advantage of that offer and after the death of the testatrix it brought an action against the remainderman in which it was compelled by the judgment to turn over the stock in the original corporation to the remainderman and she had the stock exchanged for stock in the new corporation. In an action by the executors against the trustee to recover the accumulated dividends on said original stock claimed to be represented in part by the stock in the new corporation which was received by the remainderman, *held,* that the remainderman was not a necessary party to the present action, for any judgment in this action could not in any way affect her or take away from her the stock to which she became entitled by virtue of the judgment in the former action.

However, while said remainderman is not a necessary party, it is clear that an equitable adjustment of the rights of all of the parties requires her presence as a proper party defendant in this action, so that the trustee will have the right to protect itself against payment to the estate of the life beneficiary of securities already delivered to the remainderman, by an affirmative claim on its part that the judgment in the action which it brought against the remainderman

be set aside and that the remainderman be required to pay over to the trustee any part of the stock of the original corporation or the substituted stock in the reorganized corporation for which the defendant may be held liable in this action.

Appeal by the defendant, The Equitable Trust Company of New York, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of December, 1921, as grants plaintiffs' motion for judgment on the pleadings consisting of a complaint and a demurrer thereto.

*Murray, Prentice & Aldrich* [*Archer P. Cram* of counsel], for the appellant.

*John B. Doyle* and *Harrison Clark,* for the respondents.

Smith, J.:

Margaret L. Kingsley executed in her lifetime a trust. The provision of the trust was that the income from the fund should be paid to her and at her death the accumulated income be paid to her estate, the remainder to go to her daughter, Charlotte M. Kingsley. At her death the Equitable Trust Company, the successor of the trustee, brought an action against Charlotte M. Kingsley before the proof of the will, and it was therein adjudged that the Equitable Trust Company pay over certain shares of stock to Charlotte M. Kingsley, as part of the remainder of the trust. These shares of stock were in the Pittsburgh Coal Company of New Jersey. It seems that the dividends upon this Pittsburgh Coal Company of New Jersey were not paid for a number of years. These dividends were upon preferred stock and were cumulative. A reorganization was had wherein the owners of this stock were allowed to take stock in the Pittsburgh Coal Company of Pennsylvania, another corporation to be organized. The trustee, however, did not exchange its stock for some reason not disclosed by the complaint, but it is alleged in the complaint that it was omitted negligently and against the interests of the estate. After this decree in the action brought by the trustee against Charlotte M. Kingsley, Charlotte M. Kingsley made the exchange of the stock and procured some stock of the Pittsburgh Coal Company of Pennsylvania. It is claimed by the executors that, inasmuch as the dividends upon the original stock were cumulative, that part of this stock should be apportioned to those dividends and belongs to the estate of Margaret L. Kingsley and did not pass to the remainderman, and this action is brought to recover those dividends, and if those dividends cannot be recovered, to recover the value thereof from the trustee.

I am unable to see how Charlotte M. Kingsley is a necessary party defendant in the action. The action is brought against the Equitable Trust Company as the successor to the original trustee named in the will, to compel the performance of this trust duty to deliver to the executors of Margaret L. Kingsley what is claimed to represent accumulated income which, under the trust, was payable to the estate of Margaret L. Kingsley, and, in case of the inability of this trustee to make such delivery, for money compensation. Any judgment rendered herein would not affect the rights of Charlotte M. Kingsley who has received the shares of the Pittsburgh Coal Company under a decree rendered in the action brought by the Equitable Trust Company against the said Charlotte M. Kingsley. A judgment in this action could not take away from her those shares or the substituted shares in the new corporation, for which they have been exchanged. The judgment in the action by the Equitable Trust Company against Charlotte M. Kingsley, under which it was decreed that she was entitled to these shares, was obtained without making the representatives of Margaret L. Kingsley parties to the action, so that their rights as against the trustee have been in no way diminished by such judgment. Although the will of Margaret L. Kingsley had not been probated at the time that that action was commenced, the Equitable Trust Company was clearly negligent in proceeding to a judgment therein without some representative of the estate of Margaret L. Kingsley as a party, so as to bind that estate. It seems clear to me that an equitable adjustment of the rights of all of these parties would require the presence of Charlotte M. Kingsley as a proper party defendant in this action, so that the trust company would have the right to protect itself against payment to the estate of Margaret L. Kingsley of securities already delivered to Charlotte M. Kingsley, the remainderman, by an affirmative claim on its part that judgment in the action against Charlotte M. Kingsley be set aside and Charlotte M. Kingsley be required to pay over to the trustee any part of the stock of this Pittsburgh Coal Company or the substituted stock in the reorganized corporation, for which it may be held liable to plaintiffs, notwithstanding the negligence of the Equitable Trust Company in proceeding to judgment without the estate of Margaret L. Kingsley represented in that action. Charlotte M. Kingsley might well be held a proper party in this action to be brought in upon the application of the trustee, although not a necessary party.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements, with leave to defendant to

withdraw its demurrer and to answer on payment of said costs and the costs awarded to plaintiffs by the order appealed from.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Order so far as appealed from affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of said costs and the costs awarded to plaintiffs by the order appealed from.